IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS                                                                    PLAINTIFF

v.                                    Case No. 4:23-cv-04047

CORRECTIONAL OFFICER HATLEY,
Miller County Detention Center (MCDC);
SHANE JOHNSON, Miller County Sheriff's
Department; JOHN OR JANE DOE, Medical
Staff, Wadley Medical Center; WADLEY
MEDICAL CENTER; NURSE DOE, Wadley
Medical Center; and TWO JOHN DOE
MILLER COUNTY DEPUTIES                                                          DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation ("R&R") filed August 7, 2023, by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 17). Plaintiff Don Earl Lewis ("Plaintiff") has objected. (ECF No. 20). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On April 24, 2023, Plaintiff filed his Complaint. (ECF No. 1). On June 6, 2023, Judge Comstock issued an Order directing Plaintiff to file an Amended Complaint because of deficiencies in his original Complaint. (ECF No. 7). On August 6, 2023, Plaintiff filed an Amended Complaint. (ECF No. 13). As relevant to the instant R&R, Plaintiff alleges in his Amended Complaint that he was hospitalized at the Whatley Medical Center Emergency Room because of a heart attack. (ECF No. 13, at 6). While Plaintiff was hospitalized, he alleges that Defendant Correctional Officer Hatley ("Defendant Hatley") repeatedly kicked Plaintiff's hospital bed causing Plaintiff's heart rate to spike "to the danger zone." (ECF No. 13, at 6).

Plaintiff alleges that unidentified medical staff were made aware of Defendant Hatley's actions but did nothing to stop to them. (ECF No. 13, at 6). Plaintiff believes that Defendant Hatley was attempting to kill him during this time. (ECF No. 13, at 6). Additionally, Plaintiff alleges that Defendant Hatley was taking photographs of Plaintiff despite being told to stop by unidentified persons. (ECF No. 13, at 6).

On August 7, 2023, Judge Comstock issued the instant R&R. (ECF No. 17). In the R&R, Judge Comstock recommends that Defendants Wadley Medical Center, Nurse Doe and John or Jane Doe Medical staff ("Wadley Defendants") be terminated as defendants in this case because Plaintiff failed to state a plausible claim under 42 U.S.C. § 1983. (ECF No. 17, at 6). Judge Comstock finds that Plaintiff failed to allege sufficient facts showing that the Wadley Defendants were acting under the color of state law and violated a right secured by the Constitution during Plaintiff's stay at the facility. (ECF No. 17, at 5). Judge Comstock notes that Plaintiff's only allegation against the Wadley Defendants is that they failed to prevent Defendant Hatley from kicking Plaintiff's hospital bed. (ECF No. 17, at 5). Judge Comstock finds that, at most, Plaintiff's allegation against the Wadley Defendants amounts to mere negligence and is insufficient to rise to the level of a constitutional violation and should be dismissed. (ECF No. 17, at 6). However, Judge Comstock recommends that Plaintiff's claims against Defendant Hatley, Shane Johnson ("Defendant Johnson"), and Defendants Two John Doe Miller County Deputies ("Unknown Deputy Defendants") remain for service and further review. (ECF No. 17, at 6).

On September 21, 2023, Plaintiff filed an Objection to the R&R. (ECF No. 20). Plaintiff argues that the Wadley Defendants are a state actor because of a long-term contract they signed with the Miller County Detention Center ("MCDC") to treat its detainees. (ECF No. 20, at 1).

2

Plaintiff also argues that the Wadley Defendants took total day-to-day responsibility for Plaintiff and relayed his medical reports to MCDC. (ECF No. 20, at 3). Plaintiff then raises for the first time that the Wadley Defendants took X-rays of his body while he was wrapped in chains and that doing so placed him in danger. (ECF No. 20, at 2).

## II.  STANDARD OF REVIEW

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether pro se objections are specific." *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id*. at 1046. Alternatively, if the Plaintiff does not timely and specifically object to the report and recommendation, the Court

3

reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at \*2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at \*1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where Plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021 WL 916925, at \*3 (N.D. Iowa Mar. 10, 2021) (explaining that de novo review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)). The Court will review Judge Comstock's findings *de novo*.

### III. DISCUSSION

A federal cause of action exists for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a defendant acted under color of state law and that they violated a right secured by the Constitution. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

The Court need not reach the issue of whether the Wadley Defendants were state actors because Plaintiff has failed to allege that the Wadley Defendants' conduct constituted a constitutional violation. Plaintiff's allegation that Defendant Hatley repeatedly kicked his hospital bed and the Wadley Defendants failed to prevent it—even considering his new assertion that his body was wrapped in chains while X-Rays were taken—alleges nothing more than mere negligence. As the Court of Appeals for the Eighth Circuit has held, "[m]ere negligence or medical malpractice . . . are insufficient to rise to a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)). Plaintiff has presented no other allegations against the Wadley Defendants that

4

would demonstrate a constitutional violation. Thus, the Court finds that Plaintiff has failed to make a plausible claim under 42 U.S.C. § 1983 against the Wadley Defendants.

## IV.  CONCLUSION

Upon *de novo* review and for the foregoing reasons, the Court adopts Judge Comstock's Report and Recommendation *in toto*. Accordingly, the Court finds that Plaintiff's claim against the Wadley Defendants should be **DISMISSED WITHOUT PREJUDICE**. Further, the Wadley Defendants should be **TERMINATED** from this case. Plaintiff's claims against Defendant Hatley, Defendant Johnson, and the Unknown Deputy Defendants shall remain for service and further litigation.

**IT IS SO ORDERED**, this 13th day of May, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge